MICHAEL F. COHEN, ESQ. (MC 2996)
COHEN & WARREN, P.C.
80 Maple Avenue
Smithtown, New York 11787
(631) 265-0010
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

BOARD OF DIRECTORS OF ROUGH RIDERS
LANDING HOMEOWNERS ASSOCIATION, INC.,   CV 13-00565(LDW)(ETB)

BOARD OF MANAGERS OF ROUGH RIDERS
LANDING CONDOMINIUM I, and BOARD OF     **COMPLAINT**
MANAGERS ROUGH RIDERS LANDING            Jury Trial Demanded
CONDOMINIUM II,

                Plaintiffs,

   - against -

THE SIGNATURE GROUP, LLC and
SELECTIVE INSURANCE COMPANY OF
AMERICA,

                Defendants.
-------------------------------------------------------------X

     Plaintiffs, BOARD OF DIRECTORS OF ROUGH RIDERS LANDING HOMEOWNERS ASSOCIATION, INC., BOARD OF MANAGERS OF ROUGH RIDERS LANDING CONDOMINIUM I AND BOARD OF MANAGERS OF ROUGH RIDERS LANDING CONDOMINIUM II, by and through their attorneys, Cohen & Warren, P.C., complaining of defendants herein, allege as follows:

**JURISDICTION AND VENUE**

    1.    This action was commenced in the Supreme Court of the State of New York, County

1

of Suffolk, by the filing of a Summons with Notice on September 24, 2012.

2.  The Summons with Notice was timely served on defendants THE SIGNATURE GROUP, LLC (hereinafter referred to as "Signature Group") and SELECTIVE INSURANCE COMPANY OF AMERICA (hereinafter referred to as "Selective Insurance") on January 11, 2013.

3.  This Court obtained jurisdiction by the filing of a Notice of Removal by defendant Selective Insurance on January 31, 2013.

4.  Defendant Signature Group has joined in and consented to removal by Consent to Notice of Removal filed on February 7, 2013.

5.  Plaintiffs have been directed by this Court to file the Complaint no later than March 1, 2013.

6.  Pursuant to the Notice of Removal, venue is purported to be proper pursuant to 28 U.S.C. §1391. Simultaneously with the filing of this Complaint, plaintiffs are moving to remand this action to the Supreme Court of the State of New York.

## PARTIES

7.  Plaintiff ROUGH RIDERS LANDING HOMEOWNERS ASSOCIATION, INC., is a not-for-profit corporation duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York, County of Suffolk.

8.  The operation and administration of ROUGH RIDERS LANDING HOMEOWNERS ASSOCIATION, INC. is pursuant to a certain Declaration and By-Laws duly recorded in the Office of the County Clerk of Suffolk County, State of New York.

9.  Plaintiff ROUGH RIDERS LANDING CONDOMINIUM I is a condominium duly organized and existing pursuant to Article 9B of the New York State Real Property Law.

10. The operation and administration of BOARD OF MANAGERS OF ROUGH RIDERS LANDING CONDOMINIUM I is pursuant to a certain Declaration and By-Laws duly recorded in the Office of the County Clerk of Suffolk County, State of New York.

11. Plaintiff ROUGH RIDERS LANDING CONDOMINIUM II is a condominium duly organized and existing pursuant to Article 9B of the New York State Real Property Law.

12. The operation and administration of BOARD OF MANAGERS OF ROUGH RIDERS LANDING CONDOMINIUM II is pursuant to a certain Declaration and By-Laws duly recorded in the Office of the County Clerk of Suffolk County, State of New York.

13. Upon information and belief defendant Signature Group is a limited liability company duly organized and existing under the laws of the State of New York.

14. Upon information and belief the principal place of business of defendant Signature Group is in the State of New York, County of Suffolk.

15. Upon information and belief defendant Selective Insurance is a corporation organized and existing under the laws of the State of New Jersey.

16. Upon information and belief Selective Insurance is authorized by the New York State Department of Financial Services to do business in the State of New York.

## FACTS

17. BOARD OF DIRECTORS OF ROUGH RIDERS LANDING HOMEOWNERS ASSOCIATION, INC., BOARD OF MANAGERS OF ROUGH RIDERS LANDING CONDOMINIUM I, and BOARD OF MANAGERS OF ROUGH RIDERS LANDING CONDOMINIUM II (hereinafter collectively referred to as "Rough Riders") is a residential condominium community situated in Montauk, County of Suffolk County, State of New York.

18. The community consists of one hundred forty-seven (147) homes contained within twelve (12) buildings plus one administrative building and other common facilities appurtenant to the community.

19. The plaintiffs maintain flood insurance policies for each of the twelve (12) condominium buildings plus the administrative building.

20. Upon information and belief, prior to 2009 Rough Riders was located within an area designated on certain maps published by the Federal Emergency Management Agency (hereinafter referred to as "FEMA") as flood zone "V".

21. Upon information and belief, in 2009 FEMA revised the flood zone designation relative to the Rough Riders property from flood zone "V" to flood zone "AE".

22. Upon information and belief, the change of flood zone designations was published by FEMA in accordance with its usual practices and procedures.

23. Upon information and belief, the cost of flood insurance for buildings in flood zones designated "V" is significantly greater than the cost of flood insurance for buildings in the flood zones designated "AE".

## FIRST CAUSE OF ACTION
## AGAINST DEFENDANT SIGNATURE GROUP

24. Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 23.

25. At all times herein mentioned defendant Signature Group acted in the capacity as plaintiffs' insurance broker with respect to plaintiffs payments of flood insurance.

26. At all times herein mentioned defendant Signature Group did in fact obtain flood

insurance for plaintiffs through defendant Selective Insurance.

27. As the broker for Rough Riders, defendant Signature Group was obligated to complete and submit an accurate application for flood insurance on behalf of Rough Riders.

28. As the insurance broker for Rough Riders, defendant Signature Group should have known all information about Rough Riders necessary to complete and submit an accurate application for flood insurance on behalf of Rough Riders.

29. As the insurance broker for Rough Riders, defendant Signature Group was obligated to obtain, from Rough Riders or other sources, all information necessary to complete and submit an accurate application for the flood insurance on behalf of Rough Riders.

30. As the insurance broker for Rough Riders, defendant Signature Group knew or should have known that the flood zone applicable to the Rough Riders community changed from zone "V" to zone "AE" in 2009.

31. Notwithstanding the foregoing, during no less than policy years 2009-2010, 2010-2011, 2011-2012 and 2012-2013 defendant Signature Group failed and neglected to make application for flood insurance on behalf of Rough Riders under the correct flood zone AE and instead made application for flood insurance under the flood zone "V".

32. The failure to obtain insurance under the correct flood zone was due to no fault of Rough Riders.

33. By reason of the foregoing, and due solely to the negligence of the defendant Signature Group, Rough Riders was caused to pay, and did pay, substantially higher insurance premiums than was required for policy years 2009-2010, 2010-2011, 2011-2012 and 2012-2013.

34. Defendant Selective Insurance previously refunded to Rough Riders the additional

premium paid by plaintiffs for policy years 2011-2012 and 2012-2013.

35. Defendant Selective Insurance refused to refund Rough Riders the additional premium paid by it for policy years 2009-2010 and 2010-2011.

36. By reason of the foregoing, plaintiffs have been damaged in an amount equal to all overpaid flood insurance premiums paid by it in an amount not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANT SIGNATURE GROUP, LLC

37. Plaintiffs repeat and reallege each and every allegation contained at Paragraphs 1 through 23 and in the First Cause of Action.

38. For no less than policy years 2009-2010, 2010-2011, 2011-2012 and 2012-2013, defendant Signature Group agreed that for proper consideration, it would procure all necessary and appropriate flood insurance for Rough Riders, which agreement included, without limitation, making a complete application for such insurance.

39. Notwithstanding the foregoing, defendant Signature Group failed and neglected to perform its obligations under the agreement with Rough Riders in that, for each of the aforementioned years, defendant Signature Group procured flood insurance for Rough Riders under the incorrect flood zone applicable to the plaintiffs's community and at a substantially higher cost than Rough Riders should have paid.

40. By reason of the foregoing, Rough Riders has been damaged to the extent of all overpaid paid flood insurance premiums in an amount not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS.

## THIRD CAUSE OF ACTION
## AGAINST DEFENDANT SIGNATURE GROUP, LLC

41. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 though 23 and in the First and Second Causes of Action.

42. Defendant Signature Group, its agents, and employees, have advised plaintiffs on their insurance needs including, without limitation, all flood insurance needs, over the course of many years.

43. Defendant Signature Group, its agents and employees represented to Rough Riders that it possessed substantial expertise in the area of insurance including, without limitation, flood insurance, flood insurance ratings and flood zones applicable to the premises for which it obtains insurance.

44. Defendant Signature Group, its agents and employees, consulted with the plaintiffs regarding all insurance matters including, without limitation, the payment of premiums, the appropriate coverage, flood zones and applicable to the premises and other relevant factors.

45. By reason of the foregoing, defendant Signature Group maintained a special relationship with the insured plaintiffs.

46. In making application for flood insurance on behalf of plaintiffs, from and after 2009, defendant Signature Group made negligent and false representations that plaintiffs' community was situated within flood zone V, when in fact, the community was situated within flood zone AE.

47. Defendant Signature Group knew or should have known that the representations regarding the flood zone of plaintiff's community were false when made and had a duty to act with

7

care in making such representations regarding the flood zone applicable to plaintiffs' community.

48. Signature Group knew, or should have known, that Rough Riders would rely on the representations made by defendant Signature Group in procuring the flood insurance policies on behalf of plaintiffs.

49. By reason of the foregoing, Rough Riders had a right to and did in fact rely upon the expertise and representations of defendant Signature Group in procuring said flood insurance policies on behalf of plaintiffs.

50. By reason of the foregoing, Rough Riders has been damaged to the extent of all overpaid paid flood insurance premiums in an amount not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS.

## FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT SIGNATURE GROUP, LLC

51. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 23 and in the First, Second and Third Causes of Action.

52. By reason of aforesaid special relationship maintained between defendant Signature Group maintained and Rough Riders, defendant Signature Group owed a fiduciary duty to Rough Riders.

53. The fiduciary duty of defendant Signature Group included, but is not limited, making application and procuring the proper flood insurance under the correct flood zone.

54. Defendant Signature Group knew or should have known that it procured flood insurance for plaintiffs under the incorrect flood zone.

55. In violation of its fiduciary duty, defendant Signature Group failed to procure flood

8

insurance for plaintiffs under the correct flood zone.

56. By reason of the foregoing, Rough Riders has been damaged to the extent of all overpaid paid flood insurance premiums in an amount not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS.

## FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT SELECTIVE INSURANCE COMPANY OF AMERICA

57. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 23 and in the First, Second, Third and Fourth Causes of Action.

58. By reason of aforesaid procurement of flood insurance under the incorrect flood zone, plaintiffs incorrectly overpaid flood insurance premiums for flood zone "V" for no less than policy years 2009-2010, 2010-2011, 2011-2012 and 2012-2013.

59. Upon information and belief, said incorrect premiums were received by defendant Selective Insurance for no less than policy years 2009-2010, 2010-2011, 2011-2012 and 2012-2013.

60. Upon information and belief, defendant, Selective Insurance has revised the plaintiffs flood insurance premiums to reflect the correct flood zone "AE".

61. Upon information and belief, Rough Riders demanded that defendant Selective Insurance refund the overpaid premiums paid in error for policy years 2009-2010, 2010-2011, 2011-2012 and 2012-2013.

62. In response to the aforesaid demand, defendant Selective Insurance has refunded only a portion of the overpaid premiums for the policy years 2012-2013 and 2011-2012.

63. Defendant, Selective Insurance has failed and refused to refund additional premiums

9

paid by Rough Riders for policy years 2009-2010 and 2011-2012, although duly demanded.

64. By reason of the foregoing, defendant Selective Insurance has received and retained insurance premiums in excess of the cost of the insurance which said premiums offer.

65. By reason of the foregoing, defendant Selective Insurance is obligated to return the excess premiums to Rough Riders.

66. By reason of the foregoing, Rough Riders has been damaged to the extent of all overpaid paid flood insurance premiums in an amount not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS.

### SIXTH CAUSE OF ACTION
### AGAINST DEFENDANT SELECTIVE INSURANCE COMPANY OF AMERICA

67. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 23 and in the First, Second, Third, Fourth and Fifth Causes of Action.

68. By reason of the foregoing, defendant Selective Insurance has been unjustly enriched in an amount to equal to all overpaid premiums paid in error which have not been previously refunded to Rough Riders.

69. By reason of the foregoing, Rough Riders has been damaged to the extent of all overpaid paid flood insurance premiums in an amount not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS.

### SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANT SELECTIVE INSURANCE COMPANY OF AMERICA

70. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 23 and in the First, Second, Third, Fourth, Fifth and Sixth Causes of Action.

71.     As the insurer and underwriter of plaintiffs' flood insurance policies, defendant Selective Insurance had a duty to investigate that the facts underlying plaintiffs' applications for flood insurance.

72.     As the insurer and underwriter of plaintiffs' flood insurance policies, defendant Selective Insurance had a duty to investigate that the flood insurance policies were issued in accordance with all applicable regulations.

73.     Notwithstanding, the foregoing, defendant Selective Insurance failed to investigate the facts underlying plaintiffs' applications for flood insurance.

74.     Notwithstanding the foregoing, defendant Selective Insurance failed to investigate that plaintiffs' flood insurance were issued in accordance with all applicable regulations.

75.     By reason of the foregoing, and due to the negligence of the defendant Selective Insurance in failing to properly investigate and underwrite plaintiffs' flood insurance policies, Rough Riders was caused to pay, and did pay, substantially higher insurance premiums than was required for policy years 2009-2010, 2010-2011, 2011-2012 and 2012-2013.

76.     By reason of the foregoing, Rough Riders has been damaged to the extent of all overpaid paid flood insurance premiums in an amount not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS.

**EIGHTH CAUSE OF ACTION**
**AGAINST DEFENDANT  SELECTIVE INSURANCE COMPANY OF AMERICA**

77.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 23 and in the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action.

78. Upon information and belief, the refusal of Selective Insurance to refund overpaid premiums relative to policy years 2009-2010 and 2010-2011 is based upon its reliance on FEMA's refund guidelines as set forth in 44 C.F.R Pt. 62, App. A. and the U. S. Government National Flood Insurance Program's ("NFIP") Flood Insurance Manual.

79. Upon information and belief, defendant Selective Insurance has refused to refund the overpaid premiums to Rough Riders based upon its incorrect interpretation of the NFIP Flood Insurance Manual.

80. Upon information and belief, it is the contention of Selective Insurance that pursuant to the NFIP Flood Insurance Manual, premiums could only be refunded to Rough Riders for a period of two years.

81. Upon information and belief, pursuant to NFIP's Flood Insurance Manual, certain requests for refunds will be entitled to a "look-back period" in excess of two (2) years.

82. Upon information and belief, pursuant to NFIP's Flood Insurance Manual, including, without limitation, Section "CN" entitled "Cancellation/Nullification", plaintiffs are entitled to a refund of overpaid premiums for policy years 2009-2010 and 2010-2011.

83. By reason of the foregoing, Rough Riders has been damaged to the extent of all overpaid paid flood insurance premiums in an amount not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS.

**WHEREFORE**, plaintiffs demand judgment, against defendants, jointly and severally, as follows:

   (a) In the First Cause of Action, a money judgment against defendant THE SIGNATURE GROUP, LLC in a sum not less than TWO HUNDRED FIFTY

THOUSAND ($250,000.00) AND 00/100 DOLLARS;

(b)  In the Second Cause of Action, a money judgment against defendant THE SIGNATURE GROUP, LLC in a sum not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS;

(c)  In the Third Cause of Action, a money judgment against defendant THE SIGNATURE GROUP, LLC in a sum not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS;

(d)  In the Fourth Cause of Action, a money judgment against defendant THE SIGNATURE GROUP, LLC in a sum not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS;

(e)  In the Fifth Cause of Action, a money judgment against defendant SELECTIVE INSURANCE COMPANY OF AMERICA in a sum not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS;

(f)  In the Sixth Cause of Action, a money judgment against defendant SELECTIVE INSURANCE COMPANY OF AMERICA in a sum not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS;

(e)  In the Seventh Cause of Action, a money judgment against defendant SELECTIVE INSURANCE COMPANY OF AMERICA in a sum not less than TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100 DOLLARS;

(f)  In the Eighth Cause of Action, a money judgment against defendant SELECTIVE INSURANCE COMPANY OF AMERICA in a sum not less than

     TWO HUNDRED FIFTY THOUSAND ($250,000.00) AND 00/100

     DOLLARS; and

(g) Interest, costs, disbursements and such other and further relief as to the Court seems just and proper.

(h) Plaintiffs hereby demand a jury trial.

Dated: Smithtown, New York
    March 1, 2013

              Respectfully submitted,

              COHEN & WARREN, P.C.
              Attorneys for Plaintiffs
              80 Maple Avenue, Suite 201
              Smithtown, New York 11787
              (631) 265-0010

              By: _____
                Michael F. Cohen, Esq.

TO: Patrick W. Brophy
   McMahon, Martine and Gallagher
   Attorneys for Defendant Selective Insurance Company of America
   55 Washington Street, Suite 720
   Brooklyn, New York 11201
   (212) 747-1230

   Howard Kronberg, Esq.
   Keidel, Weldon & Cunningham, LLP
   Attorneys for Defendant The Signature Group, LLC
   925 Westchester Avenue, Suite 400
   White Plains, New York 10604