UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BOARD OF DIRECTORS OF ROUGH RIDERS
LANDING HOMEOWNERS ASSOCIATION, INC.,
BOARD OF MANAGERS OF ROUGH RIDERS
LANDING CONDOMINIUM I, and BOARD OF
MANAGERS OF ROUGH RIDERS LANDING
CONDOMINIUM II,

MEMORANDUM AND ORDER

Plaintiffs,

CV 13-565 (LDW) (ETB)

-against-

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

THE SIGNATURE GROUP, LLC and SELECTIVE
INSURANCE COMPANY OF AMERICA,

★ DEC 20 2013 ★

Defendants.

LONG ISLAND OFFICE

-----------------------------------------------------------------X
WEXLER, District Judge

Plaintiffs Board of Directors of Rough Riders Landing Homeowners Association, Inc., Board of Managers of Rough Riders Landing Condominium I, and Board of Managers of Rough Riders Landing Condominium II brought this action in state court against defendants Signature Group, LLC ("Signature") and Selective Insurance Company of America ("Selective") to recover for the overpayment of premiums on a Standard Flood Insurance Policy ("SFIP") provided through defendants under the National Flood Insurance Program ("NFIP"). Defendants removed the action. Before the Court is plaintiffs' motion to remand under 28 U.S.C. §§ 1441 and 1447. Selective opposes the motion. For the reasons below, plaintiffs' motion is denied.

I. BACKGROUND

The NFIP was created by the National Flood Insurance Act ("NFIA"), 42 U.S.C. § 4001 *et seq.*, and is administered by the Federal Emergency Management Agency ("FEMA").

Pursuant to § 4081(a), FEMA created the Write-Your-Own Program ("WYOP"), allowing private insurers, so-called "WYO companies," to issue and administer flood-risk policies in their own names. *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 183 (2d Cir. 2006); *see also Southpointe Villas Homeowners Ass'n, Inc. v. Scottish Ins. Agency, Inc.*, 213 F. Supp. 2d 586, 588 (D.S.C. 2002) (explaining that WYO companies issue SFIPs in their own names and collect premiums in segregated accounts from which they pay claims and make necessary refunds under those policies). The NFIP "is supported by the federal treasury, which pays for claims that exceed the revenues collected by private insurers from flood insurance premiums." *Palmieri*, 445 F.3d at 183; *see id.* at 183-84 ("These private insurers may act as 'fiscal agents of the United States,' but they are not general agents. . . . In essence, the insurance companies serve as administrators for the federal program. It is the Government, not the companies, that pays the claims." (citation omitted)); *see also Southpointe*, 213 F. Supp. 2d at 588 ("After deducting the companies' fees and administrative costs, premiums collected from policy holders are deposited in the National Flood Insurance Fund in the U.S. Treasury. When the WYO companies lack sufficient funds in their segregated accounts, they draw on FEMA letters of credit from the U.S. Treasury to pay claims and make refunds. While WYO companies defend against claims, FEMA reimburses them for certain defense costs, because WYO companies are fiscal agents of the United States." (citations omitted)).

Plaintiffs represent a residential condominium community located in Montauk, New York. Plaintiffs maintain flood insurance policies for the community's buildings. Acting as plaintiffs' broker, Signature obtained flood insurance for plaintiffs through Selective. Selective is a WYOP insurance carrier authorized to issue SFIPs on behalf of FEMA. Before 2009,

plaintiffs' community was within flood zone "V," as designated by FEMA. However, in 2009, FEMA revised its flood zones, resulting in plaintiffs' community being within flood zone "AE." Premiums required for flood insurance are significantly greater in zones designated V than in those designated AE. Nevertheless, no change was reflected in plaintiffs' insurance premiums or policies. Consequently, plaintiffs overpaid for flood insurance for the policy years of 2009-2010, 2010-2011, 2011-2012, and 2012-2013. Selective refunded the overpaid premiums for the 2011-2012 and 2012-2013 policy years. However, Selective refused to refund the overpaid premiums for the 2009-2010 and 2010-2011 policy years. According to plaintiffs, Selective only allowed a refund to be made for the last two policy years based on "FEMA's refund guidelines as set forth in 44 C.F.R. Pt. 62, App. A. and the U.S. Government [NFIP] Flood Insurance Manual." Complaint ¶ 78. According to plaintiffs, they are entitled to a refund for 2009-2010 and 2010-2011 because, "pursuant to the Flood Insurance Manual, certain requests for refunds will be entitled to a 'look-back' period in excess of two (2) years." *Id.* ¶ 81.

Plaintiffs originally filed this action in state court against Signature and Selective, serving a "Summons with Notice" seeking recovery "of not less than . . . $250,000.00" for "damages as a result of an overpayment of flood insurance premiums based on claims of [sic] *inter alia*, monies had and received, breach of contract and negligence." Notice of Removal, Exh. A. After removal, plaintiffs filed the "Complaint," asserting claims against Signature for negligence, breach of contract, negligent misrepresentation, and breach of fiduciary duty. The Complaint asserts claims against Selective for monies had and received, unjust enrichment, and negligence, alleging, *inter alia*, that Selective was negligent when it failed "to properly investigate and underwrite plaintiffs' insurance policies," and seeks a refund of overpaid premiums for 2009-

2010 and 2010-2011 pursuant to the "NFIP's Flood Insurance Manual," for not less than $250,000. Complaint ¶¶ 57-83.

Plaintiffs move to remand, arguing that plaintiffs' claims for the return of overpaid flood insurance premiums do not fall within federal jurisdiction.

## II. DISCUSSION

The removing party bears the burden of demonstrating that federal jurisdiction exists, making removal proper. *United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979). Thus, the burden is on Selective to show that removal was proper.

Removal jurisdiction is determined on the basis of the state court pleading at the time of removal. *See United Food*, 30 F.3d at 301. Although plaintiffs had not served the "Complaint" at the time of removal, the Summons with Notice was the "initial pleading" upon which defendants filed their removal petition, and the Court will consider that "pleading" in determining the propriety of removal. *See Licciardi v. City of Rochester*, 2010 WL 4116732, at *2-3 (S.D.N.Y. Oct. 19, 2010).

When deciding whether an action originally filed in state court alleges a federal claim, the court normally considers whether the plaintiff's "well-pleaded complaint" contains an essential federal question. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *Ferreira v. New York Daily News*, 2009 WL 890577, at *2 (E.D.N.Y. Mar. 31, 2009). The "mere presence" of a federal issue in a state claim does not

automatically confer federal jurisdiction. *Nuzzo v. Verizon New York, Inc.*, 2004 WL 1872708, at *2 (S.D.N.Y. Aug. 19, 2004). Nor is federal jurisdiction created by reliance on a federal defense. *See Rivet*, 522 U.S. at 478. However, federal question jurisdiction arises when state-law claims "implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).

Selective asserts various bases for federal jurisdiction, including federal question jurisdiction under 28 U.S.C. § 1331 and exclusive federal jurisdiction under NFIA § 4072. The Court agrees that federal question jurisdiction under § 1331 exists over plaintiffs' claims for a refund of SFIP premiums. *See Southpointe*, 213 F. Supp. 2d at 590-93.

In *Southpointe*, a homeowners' association sued private flood insurers in state court, alleging that the insurers overcharged the association for premiums. As here, the insurers refunded overcharged premiums for only two years, but refused to refund earlier years' premiums, claiming that the NFIP's Flood Insurance Manual prohibited such refunds. On the association's motion to remand, Judge Duffy concluded that the suit was not a claim for flood loss within the meaning of the NFIA provision establishing exclusive federal court jurisdiction for such claims (*i.e.*, § 4072), stating:

> On the facts of this case, Section 4072 does not grant the Court original exclusive jurisdiction over Plaintiff's claims. Plaintiff has no flood loss, therefore, there has been no "proved or approved losses" or any "disallowance" of a claim by the Director. *See* 42 U.S.C. § 4072. Rather, Plaintiff seeks the refund of overcharged premiums and all such related damages, actual and punitive. "42 U.S.C. § 4072 addresses itself solely to actions arising from partial or complete disallowance of flood insurance policy claims." *Spence v. Omaha Indem. Ins. Co.*, 996 F.2d 793, 796 (5th Cir.1993). Plaintiff's claims simply do not satisfy the plain language of Section 4072.

*Southpointe*, 213 F. Supp. 2d at 590. Rather, Judge Duffy concluded that federal question jurisdiction existed because the suit implicated both a "uniquely federal interest" (particularly, given that "the United States . . . bears the risk of any potential premium refund") and a federal policy requiring "uniform interpretation" of the NFIP's Flood Insurance Manual (regarding overcharged premiums). *Id.* at 592-93 ("[P]laintiff's claim for a refund of overcharged premiums necessarily places federal funds at risk. Insurance premiums collected by WYO companies are kept in segregated accounts and are considered federal funds from the moment they are collected, with interest earned belonging to the United States."). This Court agrees with the succinct and well-reasoned decision by Judge Duffy in *Southpointe*. Accordingly, plaintiffs' motion to remand is denied.

## III. CONCLUSION

For the above reasons, plaintiffs' motion to remand is denied.

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
December 20, 2013